**Harold TISDALE, et al., Appellants,**

v.

**HOWARD UNIVERSITY, INC., et al., Appellees.**

**No. 96–CV–74.**

District of Columbia Court of Appeals.

Submitted March 31, 1997.

Decided July 3, 1997.

James W. Taglieri, Washington, DC, was on the brief for appellants.

Steven A. Hamilton, Washington, DC, was on the brief for appellees.

Before STEADMAN, FARRELL and RUIZ, Associate Judges.

PER CURIAM:

Appellants contend that the trial court erred in denying their motion to file an expert witness designation after the discovery deadline, and consequently in granting appellees' motion for summary judgment. Because this case is factually indistinguishable from our recent decision in *Abell v. Wang,* 697 A.2d 796 (D.C.1997), we reverse and remand for reconsideration in light of that decision.

This suit was filed on September 2, 1994, based on medical malpractice that allegedly took place on September 3, 1991. Under the original Super. Ct. Civ. R. 16 scheduling order the Super. Ct. Civ. R. 26(b)(4) statement designating expert witnesses was due on July 1, 1995. On July 5, a consent motion was granted extending the deadline to August 1. On July 31, a second consent motion was granted extending the deadline to September 1. On September 5, a third consent motion was granted extending the deadline to September 18. When appellants failed to provide the 26(b)(4) designation by September 18, appellees responded by filing an October 13 "Motion for Summary Judgment or

in the Alternative to Preclude Plaintiff from Designating Rule 26(b)(4) Expert Witnesses." On November 2, appellants filed an opposition to the motion, and a motion for leave to file the 26(b)(4) statement out of time. The trial court did not hold a hearing on the motions and, on December 12, issued a written order that denied the motion for leave to file the 26(b)(4) statement, and granted the motion for summary judgment. In the order the trial court noted that "[b]oth the court and defendants' counsel have been patient in allowing plaintiffs time to prepare[,] locate and designate an expert witness. . . . But there is a limit to the court's patience, and, more important, to the time during which defendants ought to be required to undergo the uncertainty and stress of being sued for malpractice. That limit has been exceeded in this case." Accordingly, the trial court denied the motion to file the 26(b)(4) statement, and, since a claim for medical malpractice requires expert testimony, granted the motion for summary judgment.

We find this case controlled by *Abell v. Wang*, 697 A.2d 796 (D.C.1997). There the plaintiff failed to designate his expert witnesses within the time required and moved to file his designation out of time. *Abell, supra*, 697 A.2d at 797–799. That motion was denied and the court subsequently granted a motion for summary judgment because there was no designated expert testimony. *Id.*, 697 A.2d at 799–800. Although we recognized that, under the new system of civil calendaring, "the trial court . . . may accord greater weight than previously allowed for prejudice caused by delay to the overall administration of justice," we emphasized that the court "still must consider the totality of circumstances of each case." *Id.*, 697 A.2d at 801. Because the trial court had failed to hold a hearing or consider lesser sanctions we reversed and remanded for consideration of five specific factors.[1] *Id.*, 697 A.2d at 804–805.

Because the facts of this case are virtually identical to the pattern of *Abell*, we think the only proper course of action is to vacate the grant of summary judgment and remand the case to the trial court for reconsideration of appellants' motion for leave to file the 26(b)(4) statement out of time in light of the opinion in *Abell*.

*So ordered.*

---

1. Those factors were:

    (1) whether allowing the evidence would incurably surprise or prejudice the opposite party;

    (2) whether excluding the evidence would incurably prejudice the party seeking to introduce it;

    (3) whether the party seeking to introduce the testimony failed to comply with the evidentiary rules inadvertently or willfully;

    (4) the impact of allowing the proposed testimony on the orderliness and efficiency of the trial; and

    (5) the impact of excluding the proposed testimony on the completeness of information before the court or jury.

*Abell, supra*, 697 A.2d at 801–802. We pointed out that these factors "do not preclude application of a critical, traditional consideration[:] . . . whether a less severe sanction than exclusion/dismissal is warranted." *Id.*, 697 A.2d at 802. On the same basis, we also instructed the trial court to reconsider a related motion by the defendants to strike the plaintiff's request to visit the property involved in the litigation. *Id.*, 697 A.2d at 802–804.